THE PEOPLE · OF THE STATE OF NEW YORK ex rel. JASPER W. GILBERT, Respondent, v. EDWARD WEMPLE, as Comptroller of the State of New York, Appellant.

*Supreme Court justice — the pension on his reaching the age of seventy years is not conditional on his having served ten years of the abridged term.*

It is not necessary, in order to entitle a justice of the Supreme Court to receive the annual sum of $1,200, provided for by section 1 of chapter 541 of the Laws of 1872, after he has retired from office by reason of having reached the age of seventy years, that he should have served ten years during the term of office which is abridged by reason of his reaching the age of seventy years during such term, but said justice is entitled to the pension, where he has served as a justice for ten years, during either one or more terms, prior to such abridgment of his term of office.

Appeal by Edward Wemple, as comptroller, etc., from an order made at the Columbia County Special Term, and entered in the office of the clerk of that county on the 2d day of September, 1890, by which order a writ of peremptory *mandamus* was directed to issue commanding the said Edward Wemple, as comptroller, to pay to Jasper W. Gilbert the sum of $6,000, as and for arrears of compensation as a justice of the Supreme Court.

*Charles F. Tabor*, for the appellant.

*Stephen P. Nash*, for the respondent.

Order affirmed on opinion of court below, with fifty dollars costs and disbursements.

### Opinion of Court Below.

Edwards, J. On January 1, 1883, the relator had served as a justice of the Supreme Court for the period of seventeen years, continuously, when his second official term of fourteen years, nine of which had expired, was abridged by reason of his having attained the age of seventy years. His compensation for the remaining five years of his term has been paid to him, except the annual sum of $1,200 provided by section 1, chapter 541, Laws of 1872, which the respondent declines to pay on the ground that the provision of

the Constitution which continues the compensation of a justice whose term of office has been abridged by limitation of age is inapplicable to one who has served fewer than ten years of the abridged term. It is now settled that the $1,200, of which payment is sought to be enforced, is part of the compensation provided by section 13, article 6 of the Constitution (*Bockes* v. *Wemple*, 115 N. Y., 302), and the only question for our consideration is whether the relator is within the provisions of that section. The portions of the section which are here material read as follows: "The official terms of the said justices  *  *  *  who shall be elected after the adoption of this article shall be fourteen years from and including the first day of January next after their election. But no person shall hold the office of justice  *  *  * longer than until and including the last day of December next after he shall be seventy years of age. The compensation of every  *  *  *  justice of the Supreme Court whose term of office shall be abridged pursuant to this provision, and who shall have served as such  *  *  *  justice ten years or more, shall be continued during the remainder of the term for which he was elected." Must the " ten years or more " be a part of the abridged term to entitle the retiring justice to a continuance of his compensation. This is the sole question to be answered, and its proper determination must be sought for in the language of the section cited. In the interpretation of statutes it is a primary rule that the intent is to be ascertained, but it is also fundamental that, so far as possible, the intent must be derived from the language employed. When this is free from ambiguity or contradiction, it is self-interpreting, or, more accurately speaking, needs no interpretation. When the words used have a definite and obvious meaning, we are not at liberty to resort to those artificial rules of construction which wisdom and ingenuity have been compelled to devise by reason of the infirmity and obscurity of language. The words must be accepted in their plain import, and we are not permitted to add to or take from the language employed, in order to extend or restrict the operation of the statute to what we might conceive to have been the legislative intent. With this familiar principle in view, let us see whether the language of this section is not so plain, so free from doubt, as to need no extrinsic aids of construction. Concededly, the apparent meaning

of the first and second clauses is, that the official term of a justice of the Supreme Court shall be fourteen years, and in case he shall become seventy years of age during such term, he shall not hold the office longer than until the following last day of December, that is, his term is thereby abridged. Unless the framers of this section have chosen inapt words to express their idea, their intent is as clearly discoverable in the language of the following clause, which explicitly declares that the compensation of a justice of the Supreme Court, whose term has been abridged, shall be continued during the remainder of the term for which he was elected, in case he has served as such justice ten years or more. But it is claimed that this clause should be construed as if it read " ten years or more of such term," that is, ten years or more of the term abridged. Why should it be so construed? The import of the words used is plain, and why should we add to them to change the signification? The language is not " who shall have served ten years or more of such abridged term," but is " who shall have served as such justice ten years or more." It seems to me quite clear that it is only by injecting into the clause the additional words, which the respondent claims should be regarded as there, that his contention as to its meaning can be sustained. Without these additional words it is obvious that the language means one thing; with them it is equally obvious that it means another thing. The interpolation of such words into a statute as change the meaning and restrict its operation is a legislative and not a judicial function. Perhaps it would have been wiser if this clause had been so framed as to extend its beneficent provisions to those only who had served ten years of the abridged term. However this may be, it is our province not to reform the law, but simply to declare *ita lex scripta est.*

The motion for a writ of peremptory *mandamus* should be granted.

Present — LANDON and MAYHAM, JJ.; LEARNED, P. J., not voting.

Order affirmed on opinion of court below, with fifty dollars costs and disbursements.